THE PEOPLE OF THE STATE OF NEW YORK ex rel. REUBEN LIEBOWITZ, Respondent, v. THE WARDEN OF THE NEW YORK COUNTY PENITENTIARY, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, March 7, 1919.

**Constitutional law — Parole Commission Law — statute not ex post facto — reducing punishment for crime — power of court to impose fine.**

Unless a law inflicts a greater punishment than the law annexed to a crime when committed it is not *ex post facto.*

Where the law, at the time the relator committed an assault, made the maximum sentence five years and the minimum three and one-half years, including all commutation to which he would have been entitled, he cannot complain, when he was subsequently sentenced, after a suspended sentence, under the Parole Commission Law, that the latter was *ex post facto* as to him, for the maximum sentence under the latter act is three years, and there is no limit to the minimum which rests in the discretion of the commissioners.

The Parole Commission Law does not deprive the judge of the ability to pronounce a sentence of fine instead of imprisonment.

APPEAL by the People of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of November, 1918, sustaining a writ of habeas corpus and remanding the relator to the Court of General Sessions of the Peace in and for the County of New York for resentence.

*Robert S. Johnstone* of counsel [*Robert D. Petty* and *Felix C. Benvenga* with him on the brief; *Edward Swann, District Attorney*], for the appellant.

*Pauline O. Field,* for the respondent.

PAGE, J.:

On July 14, 1913, the defendant was indicted for assault in the first degree, the crime being alleged to have been committed on June 29, 1913. On November 9, 1915, he was tried and convicted of assault in the second degree, and sentence was suspended. On February 8, 1917, the suspension of the sentence was revoked and the defendant was sentenced to the penitentiary under the Parole Commission Act (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287). The act was passed and took effect on May 10, 1915, although the Parole Commission was not appointed until December 17, 1915. (*People ex rel. Cerzosie* v. *Warden, etc.,* 223 N. Y. 307.) At the time the crime was committed, assault in the second degree was punishable by imprisonment in a penitentiary or State prison for a term not exceeding five years, or by a fine of not more than $1,000, or both. (Penal Law, § 243.)

The Parole Commision Act provides:

" § 4. After the creation of a parole commission in any of the said cities as hereinbefore provided, any person convicted of any crime or offense upon conviction for which the court may sentence to a penitentiary, workhouse, city prison, county jail or other institution under the jurisdiction of the department of correction of said city, who shall not be committed in default of payment of a fine imposed, or for failure to furnish surety or sureties upon a conviction of disorderly conduct tending to a breach of the peace or

of abandonment, and who is not insane or mentally or physically incapable of being substantially benefited by the correctional and reformatory purposes of any such institution shall, if sentenced to any institution under the jurisdiction of the department of correction in said city, be sentenced and committed to a penitentiary or a workhouse or a reformatory under the jurisdiction of the said department of correction. No person shall be committed to a penitentiary under the jurisdiction of a department of correction in any such city because of failure to pay any fine or fines imposed, or for failure to furnish surety or sureties, or to a penitentiary, reformatory or workhouse under the jurisdiction of a department of correction in any such city for a term of imprisonment with a fine imposed in addition to the term of imprisonment. The term of imprisonment of any person sentenced to any such penitentiary shall not be fixed or limited by the court in imposing sentence. The term of such imprisonment shall be terminated in the manner prescribed in section five of this act and not otherwise, and shall not exceed three years. * * *."

It is the contention of the relator that this act is *ex post facto*, as applied to his offense, and that he should not have been sentenced thereunder, but under the law that was applicable to the offense when it was committed.

Unless this law inflicts a greater punishment than the law annexed to the crime when committed, it is not *ex post facto*. (*People* v. *Hayes*, 140 N. Y. 484, 490; *Calder* v. *Bull*, 3 Dall. 386, 390; *Malloy* v. *South Carolina*, 237 U. S. 180, 183.) This law clearly does not. The maximum sentence under the Penal Law was five years. The maximum under the Parole Commission Act is three years. The minimum, if the relator had been sentenced to the penitentiary for five years under the Penal Law, would have been three years and seven months, with all commutation to which he would have been entitled. Or, if sentenced to the State prison on an indeterminate sentence the maximum could be as much as five years and a minimum not greater than two and one-half years nor less than one year, while under the Parole Commission Act there is no limit to the minimum; that rests entirely in the discretion of the Commissioners. (See Penal Law, §§ 243, 2182, 2183, 2188,

2189; Prison Law [Consol. Laws, chap. 43; Laws of 1909, chap. 47], § 230, as amd. by Laws of 1912, chap. 79.) Furthermore, the relator argues that by the Parole Commission Act the court could not sentence him to pay a fine but would of necessity inflict a prison sentence. This is not a correct interpretation of the law, for as will be seen the law only provides for the punishment prescribed under that act if the defendant is sentenced to one of the institutions under that act. This would not deprive the judge of the ability to pronounce a sentence of fine instead of imprisonment.

The order should be reversed, the writ dismissed and the prisoner remanded.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, writ dismissed and relator remanded. Order to be settled on notice.