NEAL *v.* STATE EX REL. ATTORNEY GENERAL.

Opinion delivered November 11, 1929.

*Fred A. Isgrig* and *Owens & Ehrman,* for appellant.

*Hal L. Norwood,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

HUMPHREYS, J. Frank Neal, road foreman of Pulaski County, refused to deliver thirty-five State prisoners in his custody to the sheriff and keeper of the penitentiary on demand, whereupon this petition for a writ of mandamus was filed in the circuit court of Pulaski County, Third Division, on relation of the Attorney General, against him to compel the delivery of said prisoners, naming each and the crime for which he had been sentenced, to the sheriff of Pulaski County, for delivery to the keeper of the penitentiary, basing the proceeding

upon a violation of act No. 281 of 1929, approved March 29, 1929, in words as follows:

"Be it enacted by the General Assembly of the State of Arkansas:

"Section 1. That § 5394 of Crawford & Moses' Digest be and the same is hereby repealed.

"Section 2. Within thirty (30) days after the approval of this act, all persons who have been convicted and sentenced to the penitentiary, but have been delivered to the foreman as provided in said section, shall be delivered by said foreman to the sheriff of the county in which such conviction was had, who shall immediately deliver said prisoner to the keeper of the penitentiary in the same manner as other prisoners are now required to be delivered.

"Section 3. It is hereby ascertained and declared that the present manner in some counties of handling prisoners convicted of a felony has brought about many abuses, is hindering law enforcement, and is a blot upon our statutes, and the change contemplated by this act is necessary for the correction of such abuses, so that the immediate operation thereof is essential for the preservation of the public peace, health and safety; an emergency is therefore declared to exist, and this act shall take effect, and be in force from and after its passage."

The defendant, Frank Neal, one of the appellants herein, filed an answer and an amendment thereto, in substance, to the effect that act No. 281 of 1929 was void: (1) Because it increased and changed the method of punishment prescribed by § 5394 of Crawford & Moses' Digest in force at the time said prisoners were convicted, sentenced and delivered to him to serve out their respective terms, and that in its retroactive feature *ex post facto,* because in violation of the provisions of article 1, § 10, of the Constitution of the State of Arkansas, and article 2, § 16, of the Constitution of the United States; and (2) because it changed the several judgments of the circuit courts ordering said prisoners to be delivered to

him to serve their respective terms, under § 5394 of Crawford & Moses' Digest, which section is in words as follows: 'The said board shall have the power, if it shall vote to do so, to work all persons convicted of felonies and sentenced to the penitentiary for not more than five years in any of the counties entering into said agreement as herein provided; and if said board shall so vote, all such convicts as the road foreman thinks he can control shall be delivered to him, instead of being delivered to the warden of the penitentiary, as now provided; provided that, if any such convicts so delivered to him shall become unruly, or it shall be thought by such road foreman that he is likely to escape, he shall be carried to the penitentiary by the sheriff, and delivered to the warden thereof, upon the request of such road foreman.''

Pulaski County, also an appellant herein, filed an intervention, attacking the validity of act No. 281 of 1929, upon the ground that it deprived the county of its property without due process, in contravention of both the Constitution of the State and United States, for the reason that it spent large sums of money for road machinery and equipment, and in building stockades for the use of said prisoners delivered to its foreman under the provisions of § 5394 of Crawford & Moses' Digest set out above.

J. S. Hill, also an appellant herein, filed an intervention and amendment thereto for himself and the other prisoners similarly situated, in substance to the effect that he was convicted in Pulaski Circuit Court upon a plea of guilty, on September 29, 1927, and was sentenced to three years' imprisonment on the road district, which plea of guilty was induced under the promise of the prosecuting attorney and court that he would be adjudged to serve his term on the road district, instead of in the State Penitentiary, and that since that day he has been confined in the stockade built and maintained by Pulaski County for the sole purpose of caring for and keeping prisoners convicted of felonies and sentenced to

labor in said district for less than five years, where he would not have to wear stripes, where health conditions were better than they were at the penitentiary, where he could see his friends and relatives often, where the hours of service were not as long, and where he would not be compelled to serve with criminals convicted of graver offenses and sentenced to longer terms than five years; that he had served approximately two years of the sentence, and would within a few months be entitled to discharge; that at the time he entered his plea of guilty he was given a sentence of less than five years and sentenced to labor in the district, and that he relied upon the court and the officers of the court to carry out the same in the steps designated; that the sentence was given to him by the court, and could not be altered or changed by the Legislature; that act No. 281 of 1929 is unconstitutional and void, so far as it attempts to change the terms and provisions of sentences, judgments and decrees theretofore made and entered by a court of competent jurisdiction; that said act was in violation of article 4, §§ 1 and 2, of the Constitution of the State of Arkansas; that the judgment entered in his case was entered by the judicial department of the government, and that the passage of act No. 281, so far as its retroactive aspect was concerned, was an attempt by the legislative department of the government to invade the powers of the judiciary; that act No. 281 of 1929 is unconstitutional and void as an *ex post facto* law because in violation of article 2, § 16, of the Constitution of the State of Arkansas, and article 1, § 10, of the Constitution of the United States.

Demurrers were filed by appellee to the answer and interventions and amendments thereto, upon the grounds that the facts set out therein did not constitute any defense to the cause of action set out in its petitions.

The cause was submitted upon the pleadings, with the result that the demurrers to the answer and intervention were sustained, and, upon the election of appellants to stand upon their respective pleadings as amended

theretofore, the court dismissed the answer and interventions, and directed that a writ of mandamus issue requiring the delivery of said prisoners to the warden or keeper of the penitentiary, over the objection and exception of appellants, from which is this appeal.

On motion of appellant, the court superseded the judgment during the pendency of the appeal to this court, over the objection and exception of appellee, from which order appellee also appealed.

Appellants contend for a reversal of the judgment upon the grounds: (1) That act No. 281 of 1929, in its retroactive aspect, is void as contravening article 1, § 10, of the Constitution of the United States, and article 2, § 16, of the Constitution of the State of Arkansas, both of which forbids the passage of *ex post facto* laws; and (2) that the effect of the act was to change the judgment of courts under the passage of such act.

It is argued first that the facts set out in the answer and intervention and admitted by the demurrers bring the instant case within the definition of *ex post facto* laws, inhibited by both constitutions, in the case of *Kring* v. *Missouri,* 107 U. S. 221, 2 S. Ct. 443; *United States* v. *Hall,* 6 Cranch. 171; *Ex parte Medley,* 134 U. S. 160, 10 S. Ct. 384; and, inferentially, in the case of *Rooney* v. *N. D.,* 196 U. S. 319, 25 S. Ct. 264. The definition of an *ex post facto* law, as gleaned by appellants from the cases cited above in support of their contention, is any law "which inflicts a greater punishment than the law annexed at the time it was committed, or which alters the situation of the accused to his disadvantage." Appellants insist that the situation of Hill and the other prisoners will be changed to their disadvantage within the meaning of this definition if act No. 281 of 1929 is declared constitutional, and they are transferred to the penitentiary, the change wrought in their condition being that they will have to wear prison stripes, be subjected to health conditions not as good, to longer hours of service, prevented from seeing their friends and relatives often,

and compelled to serve with criminals convicted for much longer terms and graver offenses.

The majority of the court hold to the opinion that none of these things will change their condition to their disadvantage, within the meaning of the definition set out above, but that these changes had to do with prison regulations or prison discipline only, and that the instant case is governed by the rule laid down in Cooley's Constitutional Limitations, 459, 8th ed., as follows:

"Any change which should be referable to prison discipline or penal administration as its primary object might also be made to take effect upon past as well as future offenses; as changes of manner in the kind of employment of convicts sentenced to hard labor, the system of supervision, the means of restraint, and the like. Changes of this sort might operate to mitigate or increase the severity of the punishment of the convict, but would not raise any question under the constitutional provision against *ex post facto* laws."

The rule finds support in the following authorities: Bill's Encyclopedia of Criminal Law, vol. 1, p. 131; *Commonwealth* v. *Hall,* 97 Mass. 570; *Ex parte Bethurum,* 66 Mo. p. 545; Black's Constitutional Law, p. 513; *Marion* v. *State,* 20 Neb. 233, 29 N. W. 911; *In re Storti,* 180 Mass. 57, 61 N. E. 759; *Murphy* v. *Commonwealth,* 172 Mass. 264, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266; vol. 2 Supplement to R. C. L., p. 91; *Liebowitz* v. *Warden of N. Y. County,* 174 N. Y. Supp. 823.

It is next argued that act No. 281 of 1929 is an invasion of the judicial department of the government, because it had the effect of changing judgments entered by the circuit courts ordering said prisoners to be delivered to the road foreman. It will appear, by reference to the orders and judgments made by the circuit court, that each of the prisoners was sentenced to the penitentiary of the State of Arkansas, and this judgment then recited that a road and convict district had been formed in Pulaski and Perry counties, and adjudged that each prisoner be

remanded into the custody of the sheriff of Pulaski County, and by him safely and without delay delivered to the warden or foreman of said road and convict district or system, there to be worked for the period of years which was adjudged against him as a penalty for the crime he had committed. The statute under which these orders or judgments were made by the circuit courts did not authorize the circuit courts to sentence the convicts to be worked upon the county road, as will be seen by reference to § 5394 of Crawford & Moses' Digest, copied at length in this opinion. The section of the statute provides that, upon vote of the board, felons sentenced to the penitentiary for not more than five years, as many of them shall be delivered to the road foreman as he thinks he can control, instead of being delivered to the warden of the penitentiary. The only provision of the section for a sentence to be adjudged by the courts is a sentence to the penitentiary. As no power was given under the section to sentence a convict to be worked upon the county roads, that portion of the judgments was and is mere surplusage

The writer is of the opinion that act 281 of 1929 is, in its retroactive provisions, unconstitutional, because to that extent same is an *ex post facto* law inhibited by both the Constitution of the United States and the State of Arkansas.

No error appearing, the judgment is affirmed.