150 A.2d 188 (1959)
George L. BROOKS, Plaintiff,
v.
C. Arthur TAYLOR et al., Defendants.
STATE of Delaware, Plaintiff,
v.
Edward J. CARPENTER, Nathan Watson, et al., Defendants.
Superior Court of Delaware, New Castle.
February 9, 1959.
*190 John P. Sinclair, Wilmington, for George L. Brooks.
Wilfred J. Smith, Jr., Deputy Atty. Gen., for all the defendants, in No. 1203.
Wilfred J. Smith, Jr., Deputy Atty. Gen., for the State of Delaware, in No. 539.
Harvey B. Rubenstein, Wilmington, for Edward J. Carpenter.
Howard M. Handelman, Wilmington, for Nathan Watson.
Herbert L. Cobin, Murray M. Schwartz, and Henry N. Herndon, Jr., Wilmington, for Prisoners' Aid Society of Delaware, amicus curiae.
CHRISTIE, Judge.
The State has charged Edward J. Carpenter, Nathan Watson, George L. Brooks and another with the crime of rape, which is alleged to have taken place on July 25, 1958. Carpenter, Watson and Brooks were 17 years old at the time of the alleged offense. All are now 18 years old.
Defendants were arrested late in July 1958. After a preliminary hearing on July 31, 1958, before the Municipal Court of the City of Wilmington, each was held for Superior Court and committed in default of $15,000 bail. On October 20, 1958, the Grand Jury brought in indictments against each defendant on the charge of rape.
Counsel for Carpenter and Watson filed writs of habeas corpus in the Family Court and these defendants were released from custody. The orders of the Family Court on the writs of habeas corpus were based on the statutes which appear to grant that Court exclusive jurisdiction. Carpenter and Watson now move to dismiss the indictments still pending against them in this Court on the ground that the Family Court has exclusive jurisdiction and an indictment in this Court is inconsistent with such jurisdiction. Brooks has used the same statutes as a basis for an application for release on writ of habeas corpus made directly to this Court.
All three applications depend on the alleged lack of jurisdiction in Courts other than the Family Court to act where those accused of the crime of rape were under 18 years of age at the time of the alleged offense. All of the applications will be considered together and all the moving parties will be referred to as defendants.
The question before the Court is one of first impression in Delaware. The same constitutional provisions and similar statutory provisions as to jurisdiction apply to the Family Court in New Castle County and the Juvenile Court of Kent and Sussex Counties, and both Courts are required to release any juvenile committed by them when such juvenile reaches his 21st birthday. 10 Delaware Code, §§ 951 and 1151; 984(b) and 1178(b).
Because of the importance of the issues to the administration of the criminal and juvenile laws throughout the State, the Prisoners' Aid Society sought and was granted leave to file a brief as amicus curiae.
By statute, the Family Court has "exclusive original jurisdiction in all proceedings in New Castle County * * * concerning any child residing in New Castle County charged with having violated any law of this State * * *". 10 Delaware Code, § 951. By statutory definition those who have not yet attained their eighteenth birthday are children. 10 Delaware Code, § 901. The only pertinent statutory limitation on the jurisdictional grant is the provision that the Family Court "shall have no jurisdiction, other than that *191 of a committing magistrate, in cases wherein a child * * * is charged with the commission of a capital felony." 10 Delaware Code § 957.
Until recently the crime of rape was punishable by death, and any minor charged with such crime was brought before the Grand Jury for indictment and the Superior Court for trial. On April 2, 1958, a new law became effective which provided that "punishment by death for any crime in this State is hereby abolished." 51 Delaware Laws, Ch. 347.
If the Family Court now has exclusive jurisdiction as to the alleged offenses, the Municipal Court would have no power to hold any of the defendants for the Superior Court and the indictments against each moving defendant would have to be dismissed. 10 Delaware Code, §§ 979, 980.
The State takes the position that the Superior Court continues to have jurisdiction as to those charged with the crime of rape regardless of the age of the accused because the legislation abolishing capital punishment did not effectively remove jurisdiction as to rape cases from the Superior Court. It is the State's position that the original statutes fixed jurisdiction as to crimes then punishable by death and the statute abolishing the death penalty did not amend or change the jurisdictional provisions of such statutes. The recent statute made no mention of any jurisdictional consequences of the change in punishment. Thus, the State argues that the Superior Court still has jurisdiction as to children accused of any crime which was a capital felony at the time the statute, which now appears as 10 Delaware Code, §§ 957 and 979, was first enacted. See 22 C.J.S. Criminal Law, § 117.
In so far as this argument rests on the intent of the General Assembly, it is without merit since 10 Delaware Code, § 953 specifically provides:
"The jurisdiction of the Family Court shall extend to and include any amendment, supplement or addition heretofore, or hereafter, made in relation to the matters and offenses specified in sections 951 and 952 of this title * * *".
An amendment must be read as part of the statute it amends. Aetna Casualty & Surety Co. v. Smith, Del.1957, 131 A.2d 168.
However, the State then quotes the constitutional provisions limiting the power of the General Assembly to grant criminal jurisdiction to Courts other than the Superior Court:
"Section 28. The General Assembly may by law give to any inferior courts by it established or to be established, or to one or more justices of the peace, jurisdiction of the criminal matters following, that is to say  assaults and batteries, carrying concealed a deadly weapon, disturbing meetings held for the purpose of religious worship, nuisances, and such other misdemeanors as the General Assembly may from time to time, with the concurrence of two-thirds of all the Members elected to each House, prescribe.
"The General Assembly may by law regulate this jurisdiction, and provide that the proceedings shall be with or without indictment by grand jury, or * * * deny the privilege of appeal to the Superior Court; provided, however, that there shall be an appeal to the Superior Court in all cases in which the sentence shall be imprisonment exceeding one (1) month, or a fine exceeding One Hundred Dollars ($100.00)." Article 4, Constitution of the State of Delaware, Del.C.Ann.
On this language the State bases an argument that the General Assembly may grant criminal jurisdiction to an inferior court only "with the concurrence of two-thirds of all the Members elected to each House" of the General Assembly. It must be conceded by the defendants that 51 Delaware *192 Laws, Ch. 347, fell short of a two-thirds vote by receiving only 9 votes out of a possible 17 Senators elected to the State Senate, and only 18 votes out of a possible 35 members elected to the State House of Representatives.
Defendants point out that the jurisdiction of the Family Court was fixed by the original statute which brought what is now 10 Delaware Code, §§ 951, 957 and 979 into being. 45 Delaware Laws, Ch. 214. This enactment received the required two-thirds vote in each chamber of the General Assembly.
From these facts defendants argue that the Family Court has been granted jurisdiction by a constitutional vote of the General Assembly over all criminal matters which may be covered from time to time by the broad provisions of 10 Delaware Code, §§ 951 and 979, and no constitutional requirement as to a two-thirds vote applies to a statute redefining a crime so as to bring it within the pre-existing jurisdictional provisions.
The existence and provisions of the same pre-existing statutes conferring jurisdiction on the Family Court were found to be helpful in determining that a change in jurisdiction as to the offense charged could be reasonably inferred from the statutory pattern. Such holding rested in part on probable legislative intent. Now I am called upon to use the same pattern as a basis for holding that the earlier statutory enactment satisfies the terms of a constitutional limitation on the General Assembly's power to confer jurisdiction. This cannot be done.
A bill which intentionally or unintentionally, directly by grant or indirectly by redefinition of an offense, enlarges the criminal jurisdiction of an inferior court must meet the constitutional test for such enlargement. Compare Aetna v. Smith, supra. The General Assembly has indicated an understanding of the law on this point by reciting the concurrence of a two-thirds vote on many bills which define new crimes and thereby automatically confer jurisdiction on inferior courts under the terms of the Delaware Code.
Since the Family Court did not formerly have jurisdiction over the offense charged, I must conclude that as a result of 51 Delaware Laws, Ch. 347 new jurisdiction would be conferred on the Family Court within the meaning of the Constitution.
The amicus curiae, on the other hand, contends that the General Assembly has in effect stated that an act which would be a crime if committed by a person over 18 years of age is not a crime when committed by a person under 18. See the excellent discussion of this point in People v. Roper, 1932, 259 N.Y. 170, 181 N.E. 88, rehearing denied 1932, 259 N.Y. 635, 182 N.E. 213. Commonwealth v. Fisher, 1905, 213 Pa. 48, 62 A. 198; State v. Monahan, 1954, 15 N.J. 34, 104 A.2d 21, 48 A.L.R.2d 641; 31 Am. Jur., Juvenile Courts, §§ 5, 18. Cf. In re Poff, D.C.D.C.1955, 135 F.Supp. 224. So, argues the amicus, the General Assembly has only enlarged the non-criminal jurisdiction of an inferior court. Section 28, Article 4 of the Constitution does not limit the General Assembly in the conferring of noncriminal jurisdiction on lesser courts.
There can be no question that the purpose of juvenile courts is to help young people overcome their anti-social tendencies and become law abiding citizens rather than to punish them. The General Assembly long ago decided that the best protection against violations of the law by tomorrow's citizens is to be sought in modern methods most readily available in juvenile courts. All of this and much more in favor of the Family Court approach is well established in Delaware.
It does not, however, follow that a statute which results in a trial of an offense in the Family Court which would not formerly have been tried there confers a jurisdiction not subject to the constitutional requirements *193 of Section 28, Article 4. Rather, I am of the opinion that the jurisdiction conferred is jurisdiction over a misdemeanor within the meaning of that section of the Constitution.
In arriving at this conclusion I am mindful of the unusual situation created by such holding: a violation of a criminal statute by a child under 18 years of age is not regarded as a crime, the accused is not brought before a criminal court and, if found guilty, he is not a criminal although he may be institutionalized; but an act conferring jurisdiction on the Family Court as to any act which would be a crime if committed by an adult must meet the constitutional requirements which apply only to the granting of criminal jurisdiction.
After a careful study of the Constitution and the statutes, I conclude that such holding is a correct interpretation of the law and that it is not unreasonable in its application.
Most of the acts which constitute juvenile delinquency are defined in the Delaware statutes in terms of acts which would constitute crimes if committed by an individual over 18 years of age. 10 Delaware Code § 951. Bail is provided for as is custody pending trial. 10 Delaware Code, §§ 976, 977.
Among the actions which the Family Court may take in the interests of a child adjudged a juvenile delinquent is the committing of such child to an institution. 10 Delaware Code, § 984(a) (8).
As to children 16 years of age or over, there is a provision in the criminal law Title of the Delaware Code whereby the Attorney General may, in his discretion (a judge of the Family Court and of the Superior Court concurring therein), proceed against the alleged delinquent as an adult in the Superior Court. Thus, an offense which was in law an act of delinquency is treated as if it were a crime when a child is deemed not to be amenable to the processes of the Family Court. 11 Delaware Code, §§ 2711, 2712.
On the other hand, the Superior Court is also free to transfer cases to the Family Court and upon approval by the Superior Court of the action taken by the Family Court, such action becomes the ruling of the Superior Court. 10 Delaware Code, § 956. And when the evidence warrants, Family Court jurisdiction can be assured if the charges made by the State are such as to clearly vest jurisdiction in the Family Court.
The special jurisdiction exercised by the Family Court does not fit conveniently into a definition of criminal, or civil or equitable jurisdiction, and for most purposes it need not do so. These ancient divisions of law came into being centuries before the value of modern juvenile court methods was recognized. Happily the Constitution is so worded that legislation may break away from most of the traditional but outmoded patterns of law. However, as long as the clear intent of the framers of the Constitution as expressed therein is applicable to new enactments, such express constitutional intent must govern. Otherwise the constitutional provisions are easily avoided and eventually ignored.
In this case it is clear to me that the constitutional provision means that no inferior court shall have authority to try a person for a violation of a statute where a fine or imprisonment might result except when such authority is conferred by a two-thirds vote in each House of the General Assembly. The General Assembly has quite properly redefined the meaning and purpose of such trial but the law granting jurisdiction over such case must still comply with any applicable constitutional provision.
I conclude that the application of 51 Delaware Laws, Ch. 347, so as to confer jurisdiction on the Family Court as to a case which that Court would not have had jurisdiction over prior to the enactment of such statute, is contrary to the Constitution. Accordingly, Brooks is not entitled to the relief sought by writ of habeas corpus and none of the defendants can prevail on their motions to dismiss the indictments.