The STATE of Delaware, upon the relation of Martha Verge duPONT as next friend of David Johnson, et al., Plaintiffs Below, Defendants,

v.

Albert L. INGRAM, Secretary of the Department of Health and Social Services of the State of Delaware, et al., Defendants Below, Appellees.

Supreme Court of Delaware.

May 9, 1972.

Ernest S. Wilson, Jr., of Wilson & Russell, Wilmington, for plaintiffs below, appellants.

Jerome O. Herlihy, Chief Deputy Atty. Gen., Wilmington, for defendants below, appellees.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ

HERRMANN, Justice:

This is an appeal from the order of the Superior Court vacating its prior mandate that the defendants in this mandamus action "provide appropriate separate work, custody, training and treatment facilities for youthful offenders within the meaning of 11 Del.C. § 6526(a)". See opinion below at 294 A.2d 839 for a statement of the facts and contentions.

We assume, without deciding, the standing of the plaintiffs to pursue the nature and extent of relief here sought.* We do this in view of the importance of the questions presented and the conclusions reached.

The plaintiffs make a three-pronged constitutional attack upon the 1971 Amendment to 11 Del.C. § 6526(a).** They contend: (1) that it is an unconstitutional ex post facto law; (2) that it is unconstitutionally arbitrary and unreasonable in its definition of "youthful offenders"; and (3) that its resultant exposure of youthful offenders to homosexual abuses, when incarcerated with older, hardened criminals, amounts to cruel and unusual punishment in violation of the formers' constitutional rights.

We find no merit in any of these contentions:

■ (1) Statutes relating to penal administration do not fall within ex post facto rules even though their effect may be to change substantially the nature and conditions of the incarceration and thereby increase the severity of the punishment. Commonwealth v. Kalck, 239 Pa. 533, 87 A. 61 (1913); In re Tyson, 13 Colo. 482, 22 P. 810 (1899); Neal v. State ex rel. Attorney General, 180 Ark. 333, 21 S.W.2d 864 (1929).

The authorities relied upon by the plaintiffs did not involve statutes relating to prison administration: Calder v. Bull, 3 Dall. 386, 1 L.Ed. 648 (1796); Flaherty v. Thomas, Mass., 12 Allen 428 (1866); Hartung v. People, 22 N.Y. 95, 26 N.Y. 167 (1863); Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937).

■ (2) The 18-year-old definition of "youthful offender", in the 1971 Amendment, is not unreasonable and arbitrary. Chronological age alone, without regard for individual physical, mental, or emotional development, has been made the measure of maturity in many important areas of life, including the voting booth, the armed forces, marriage, contractual relations, and the courts. Practical necessity makes such automatic classifications unavoidable. While automatic classification of the individual, based upon chronological age alone, leaves much to be desired, it cannot be said that it rises to constitutional proportions of unreasonableness or arbitrariness on the part of the General Assembly in this case.

■ (3) The plaintiffs' argument under the Eighth Amendment's Cruel and Unusual Punishment clause amounts to the contention that the incarceration of younger and older offenders together amounts to unconstitutional cruel and unusual punishment, *per se*. We are referred to no authority for this proposition. Obviously, it is without merit.

The alleged homosexual abuse, as a factual issue, was not properly brought before the Superior Court for trial or before this Court for review. Compare Jackson v. Hendrick, Pa.Ct.Comm.Pls., 11 Cr.L. 2088 (April 7, 1972).

Affirmed.

---

* David Johnson is the only plaintiff now in custody. He is under 18 years of age; he is, and has been, kept in a separate facility for youthful offenders.

** Prior to the 1971 Amendment, 11 Del.C. § 6526(a) provided:
"(a) Appropriate, separate custodial care and work and training facilities shall be provided for youthful offenders by the Department [of Corrections]."

By 58 Del.Laws, Ch. 172 (1971), § 6526 (a) was amended to add to the foregoing the words "subject to limitations of existing structures, staff, and appropriations"; and to add, also, the following: "'Youthful offender' means any offender requiring incarceration who has not reached his eighteenth birthday."