**In the Matter of Alfred BARTLEY, Petitioner,**

v.

**William HOLDEN, Individually and in his official capacity as Superintendent of the Delaware Youth Center, and Anthony W. Salerno, Individually and in his official capacity as Director of the Division of Juvenile Corrections of the Department of Health and Social Services, State of Delaware, Respondents.**

Superior Court of Delaware, Kent.

May 7, 1975.

---

Patrick Scanlon, and Gary A. Myers, Staff Attys., Community Legal Aid Society, Inc., Dover, for petitioner.

Regina M. Small, Deputy Atty. Gen., Wilmington, for respondents in their official capacities.

## OPINION

TAYLOR, Judge.

On April 8, 1974, petitioner was adjudicated a delinquent and was committed by the Family Court to the custody of the

Division of Juvenile Corrections [Division] of the Department of Health and Social Services [Department] "for custodian, during said child's minority unless sooner discharged by said custodian or by due process of law for recommitment to the Ferris School for Boys" [sic]. Petitioner became 18 years of age on July 24, 1974. He is presently being held in custody by virtue of the order of the Family Court referred to above and 31 Del.C.[1] Chapter 51. This action seeks his release from the Delaware Youth Center where he is presently being held.

Petitioner relies upon 58 Del.Laws, Ch. 439, which was effective June 16, 1972, which provided that the statutory age of majority is 18 years and added a series of definitions which declared that a person of age of 18 years or older is an adult, an adult person, of full age and of lawful age. (1 Del.C. § 302, § 701). Conversely, it provided that one who has not reached the age of 18 years is a child, an infant, a minor, a minor child and under age. It further provided that a person of 18 years or older "shall be deemed to be of full legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age unless otherwise provided."

The heart of the respondent's contention that the petition should be denied is found in 31 Del.C. § 5108 (formerly § 5122) which provides as follows:

"§ 5108. Power to discharge. The Department at its discretion may discharge finally any juvenile committed to its custody if the Department shall determine such discharge to be for the best interests of the juvenile or of the Department. After such discharge the Department shall be relieved of all liability for any such juvenile. In any event, no

1. The 1974 Revision of the Delaware Code is referred to unless otherwise indicated. Although certain section numbers in the 1974 Revision have been changed from the numbers used for those sections in the prior edition of the Delaware Code, the content of the sections referred to herein has not been changed.

person shall be retained in the legal custody of the Department beyond his or her 21st birthday."

The last sentence of the quoted provision retains the reference to the age of 21.

The legislative history of the Bill (House Bill 750, 126th General Assembly) which became Ch. 511, 58 Del.Laws, shows that as introduced the Bill contained a section which would have amended the above-quoted language by striking the reference to 21st birthday and substituting 18th birthday. The Bill was amended to strike that provision. From this legislative action, respondent contends that there is demonstrated legislative intent that the Department (formerly Youth Services Commission) would have the power to retain custody of a person committed to its custody until he or she reaches the age of 21 years.

A review of the statutory provisions relating to the custodial services contem plated by Chapter 51, Title 31, Delaware Code is in order. Chapter 51, Title 31, Del. C. provides for a unified administration of the various State facilities for the care and education of "juvenile delinquents" under the Department. It is required to accept custody of any juvenile committed to it by the Family Court. 31 Del.C. § 5101 defines "juvenile" to mean "a minor" and does not specify an age. The custodial powers and functions of the Department, which are enumerated in § 5106 (formerly § 5120) uniformly refer to juveniles or delinquent children.[2] It is clear from the context of Chapter 51 that the intent and purpose of that Chapter is to provide for the care and custody of minors. No jurisdiction is granted to provide care and custody for those who are not minors. Even the criminal provisions of § 5111, which are designed to aid in the administration of the custodial functions contemplated by the Chapter, relate to dealings with juveniles. 31 Del.C. § 5108 (formerly § 5122) grants discretionary power to the Department to discharge juveniles committed to the Department. Thus, when the age of majority was 21 years, the maximum discharge age provided in § 5108 (formerly § 5122) was entirely consistent with the other provisions of Chapter 51, which granted authority to care for and train juveniles entrusted to it, with discretionary power to discharge juveniles before the age of majority and an absolute requirement that it discharge any juveniles when they reached the age of majority, namely, 21 years. The reference to a specific age for discharge from custody was called for historically because the law applicable to the Family Court of New Castle County, 45 Del.Laws, Ch. 241, § 3, and the law applicable to the Juvenile Court of Kent and Sussex Counties, 48

2. The powers and duties of the Department are defined in 31 Del.C. § 5106 (formerly § 5120) as follows:

"The Department shall:

(1) Have sole and complete control of the training schools and any other state facilities for readjustment of delinquent children;

(2) Appoint advisory committees having such membership as it deems appropriate or desirable;

(3) Provide suitable food, clothing, medicine and all things necessary for the comfort and improvement of delinquent children;

(4) Make rules and regulations for the government of the training schools not inconsistent with the laws of this State which it deems necessary and proper for the pub lic welfare and best interest of the juveniles entrusted to the Department including the release of juveniles to after-care supervision;

(5) When deemed necessary, to provide after-care supervision for delinquent children released from the training schools;

(6) Provide suitable buildings, with all the necessary land and appurtenances for the use and occupation of the Department;

(7) Establish such rules and regulations relative to the religious and moral education, training, employment, discipline, management, government, instruction, safekeeping and the disposition of the juveniles;

(8) Exercise all powers not inconsistent with this chapter as are necessary to discharge their responsibility of legal custody of a juvenile."

Del.Laws, Ch. 364, § 1,[3] defined "child" as "a person who has not yet attained his [or her] eighteenth birthday" and it was appropriate to emphasize that a person must be discharged upon reaching the age of majority.

The law has provided separately for the care and custody of juveniles. For those juveniles who are afforded Family Court processing, there is no adjudication of criminal guilt, 10 Del.C. § 931; instead, the person is declared a delinquent and his custody and care may, inter alia, be awarded to the Department under 31 Del. C. Ch. 51. 10 Del.C. § 937. If the juvenile is charged with certain very serious crimes or if a juvenile over 16 years of age is found not to be amenable to the rehabilitative processes of the Family Court, the juvenile is processed under criminal procedures in another Court, 10 Del.C. § 938, and, if convicted, may be committed to the custody and care of the Department under a criminal sentence for a period of time specified by the Court. Under the latter procedure, separate facilities are required for offenders under 18 years, 11 Del.C. § 6526; State ex rel. duPont v. Ingram, Del.Supr., 293 A.2d 289 (1972), and if the sentence of the Court extends beyond the time when the juvenile reaches 18 years, his detention after that age is treated according to adult requirements and standards. State v. Nicholson, Del.Super., 334 A.2d 230 (1975).

■ As noted above, Chapter 51, Title 31, Delaware Laws, provides an ad-ministration for care and custody of juveniles. A juvenile is defined in that Chapter as a minor, and 1 Del.C. § 302, as amended by Chapter 439, 58 Del.Laws, provides that as used in the Code a minor is "a person who has not reached the age of 18 years."[4] Absent a different definition in Chapter 51, Title 31, Delaware Laws, the above-quoted provision, which lowered the maximum age of a juvenile or minor from the 21st birthday to the 18th birthday, means that the statutory power of the Department under 31 Del.C., Chapter 51, to provide care and custody for juveniles applies to persons who have not reached the 18th birthday. Persons of 18 years or older no longer are juveniles or minors. The only jurisdiction vested by that Chapter relates to the care and custody of juveniles. No jurisdiction is vested in the administration with respect to non-juveniles.

■ It is true that § 5122, which gives discretionary power to discharge juveniles, provides a mandatory discharge at age 21 years and that the legislature rejected a proposed statutory amendment to reduce that age to 18. It is not known why that change was rejected. One inference is that the legislature may have intended that under-21-year-old persons be detained. Another inference is that the legislature was unsure of the status of the detention jurisdiction under that chapter and did not wish to change such jurisdiction as existed.[5] The Bill dealt with many different statutory topics wherein there was spe-

3. The jurisdiction of the Family Court of New Castle County and the Juvenile Court of Kent and Sussex Counties was merged into a statewide Family Court by 58 Del.Laws Ch. 114.

4. 1 Del.C. § 701, which appears as Section 1 of Ch. 439, 58 Del.Laws, reads as follows:
   "§ 701. Age of majority. A person of the age of 18 years or older on June 16, 1972, and any person who attains the age of 18 years thereafter, shall be deemed to be of full legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal ca-pacity as persons heretofore acquired at 21 years of age unless otherwise provided."
   While the phrase "unless otherwise provided" limits the effect of this provision where a contrary statute exists, nothing in Chapter 51, Title 31, Del.C. undertakes to specify the age at which a person ceases to be a minor or juvenile. Accordingly, the general provision fixing the age of majority at 18 years is applicable.

5. Judge Walsh noted in *Nicholson* that the "legislative attempt to provide a harmonious and integrated corrections system for offenders of all ages is not without its ambiguities."

cific designation of an age, the disposition of juvenile delinquents was only one of many which would have been affected by the Bill as originally introduced. Whatever may have been the thinking of the legislature in striking the amendment, the answer is that nothing in the Bill changed the definition of juvenile in Chapter 51 and nothing granted the power and jurisdiction of the administration to extend its custodial services to those who are not juveniles. The power of the Department to retain custody until age 21 years existed by virtue of its power to have custody of juveniles, who were formerly persons under 21 years. The sentence which was not repealed, which contains the reference to 21 years, was merely a limitation upon detention and not a grant of power to detain. Accordingly, I do not find that the failure to repeal the last sentence of § 5108 (formerly § 5122) extended the power of that administration to those who were not minors under the general law. Nor do I find that § 5108 (formerly § 5122) by its context requires that the words "juvenile" or "child" be given a different meaning in Chapter 51, 31 Del.C., from the general statutory meaning in 1 Del.C. § 302 and § 701. The law which confers adulthood on 18 year olds does not exclude those who are in custody of the Department.

■■■ Recognizing that conceptually a commitment by the Family Court to the administration under Chapter 51, 31 Del. C. is a matter of civil custody and not a criminal sentence, in order to deprive an adult person (now an 18 year old) of the normal liberty to which an adult is entitled there must be a clear legislative provision requiring such result. No law should be construed to deprive a person of his freedom unless that result is clearly compelled by the language used. 2A Sutherland Statutory Construction (4th ed.) 469, § 58.04; cf. State v. Goldenberg, 108 A. 137, Del.Gen.Sess. (1919). It is not necessary to consider here whether an adult (now a person 18 or over) who is not incompetent or has not been convicted of a crime or is not being held on pending criminal charges can be subjected to this result by appropriate legislation. It is sufficient to hold that the present statutes do not provide for that result.

■■■ It is recognized that the care and treatment of youth is a matter of special concern and appropriate legislation providing specifically for this group is constitutionally valid. State ex rel. duPont v. Ingram, supra. The fact that custodial treatment may be beneficial to a person does not justify detention of a person against his will, unless he is detained under valid law clearly requiring such detention. If the legislature wishes to extend custodial restrictions, when accompanied by special instructional and rehabilitative opportunities, to those whose age places them in the category of an adult, where, in general, the law does not place custodial limitations, it must do so by appropriate legislation demonstrating a clear intent to do so.

■■■ In summary, it is the holding of this Court that the Division of Juvenile Corrections of the Department of Health and Social Services, acting pursuant to commitment from the Family Court, does not have jurisdiction to hold petitioner at this time, inasmuch as he has reached the statutory age of majority of 18 years.

An appropriate order will be signed upon presentation by petitioner's attorney after notice to respondent's attorney.