STATE of Delaware

v.

[JUVENILE] *.

Superior Court of Delaware, New Castle.

Submitted Sept. 5, 1975.

Decided Nov. 6, 1975.

---

* Pursuant to the policy announced in 10 Del.C. § 972, the name of the juvenile has been deleted.

L. Kent Wyatt, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State of Delaware.

William C. Anderson, Community Legal Aid Society, Inc., Wilmington, for defendant.

TAYLOR, Judge.

Defendant was adjudicated delinquent by the Family Court on charges of uncontrolled and theft. Custody was awarded to the Division of Juvenile Corrections for placement in Ferris School. Defendant appealed to Superior Court and his appeal was docketed as a criminal appeal. The Attorney General filed informations charging defendant with misdemeanors involving the specific crimes referred to above and without reference to the fact that defendant is a minor.

Defendant has moved to dismiss the informations. Defendant argues that a charge against a minor should be tried as a civil action rather than a criminal action by virtue of the statutory provision that minors are not deemed to be criminals by virtue of allegation or adjudication of delinquency. Defendant contends that if he is convicted under the informations, he will have been convicted of misdemeanors, will have a criminal record and could receive a criminal sentence.

Under the procedure followed by the Family Court, a minor is charged by a Petition for Delinquency in which it is charged that defendant, "a child under the age of eighteen years, appears to have

committed a delinquent act as defined by Title 10, Del.C. § 901 . . . ". The information used in this Court was phrased "[Juvenile] * did commit a misdemeanor . . . ". The caption of the case in Family Court is *"The State of Delaware in the Interest of [Juvenile],* a child."* In Superior Court, the case has been captioned *"State of Delaware v. [Juvenile]* *.* In the Family Court, defendant was charged with the delinquent act of violating 11 Del.C. § 841 (theft), whereas in Superior Court he was charged with violating 11 Del.C. § 843 (theft: false pretenses).

There is no Delaware authority dealing with the formalities of appeals from the Family Court to Superior Court. 10 Del.C. § 960 simply provides for appeal from the Family Court to Superior Court "as provided by law." In the area of criminal appeals to this Court, it has been held that the trial de novo in this Court must be for the same offense as that which was heard by the lower Court. *Monastakes v. State,* Del.Supr. 2 W.W.Harr. 549, 127 A. 153 (1924); *Donaghy v. State,* Del.Supr., 6 Boyce 467, 100 A. 696 (1917). This Court has held that in appeal from conviction of an adult in the Family Court, the information in this Court must be for the same offense for which defendant was tried in the Family Court. *State v. Harris,* Del.Gen. Sess., 6 Terry 377, 75 A.2d 214 (1950). Similarly, in the case of civil appeals to this Court, it has been held that the case on appeal must be the same as that which was before the lower court. *Cooper Home Furnishings, Inc. v. Smith,* Del.Super., 250 A.2d 507 (1969).

The Court recognizes that the rules of procedure of this Court deal with cases which fall into the traditional categories of civil and criminal proceedings. Counsel for both sides in this case agree that a delinquency proceeding is neither strictly a criminal nor a civil action. 10 Del.C. § 931 provides:

"Except as provided in § 938, no child shall be deemed a criminal by virtue of

an allegation or adjudication of delinquency, nor shall a child be charged or prosecuted for a crime in any other court."

10 Del.C. § 937 (c) provides:

"No adjudication upon the status of a child shall be deemed a conviction nor shall it be deemed to imply that a child is a criminal except as provided in § 938 of this chapter."

However, 10 Del.C. § 901 defines delinquent child as "a child who commits an act which if committed by an adult would constitute a crime . . . ". The United States Supreme Court, discussing the status of a juvenile delinquency proceeding in *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), stated:

" . . . the juvenile court proceeding has not yet been held to be a 'criminal prosecution,' within the meaning and reach of the Sixth Amendment, and also has not yet been regarded as devoid of criminal aspects merely because it usually has been given the civil label . . . Little, indeed, is to be gained by any attempt simplistically to call the juvenile court proceeding either 'civil' or 'criminal'. The Court carefully has avoided this wooden approach." 403 U.S. at 541, 91 S.Ct. at 1984, 29 L.Ed.2d at 658.

The United States Supreme Court has held that certain rights of a defendant which normally only apply to criminal proceedings are applicable to juvenile delinquency proceedings. Thus, in order to find a juvenile to be delinquent, the charge must be proved beyond a reasonable doubt. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A juvenile charged with delinquency is entitled to have legal counsel, and he is entitled to have adequate notice, to confront and cross examine witnesses, and he has the privilege against self-incrimination. *In Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527

(1967).[1]   Hence, the juvenile delinquency proceeding has many of the qualities of a criminal proceeding.

In *Brooks v. Taylor,* Del.Super., 1 Storey 583, 150 A.2d 188 (1959), this Court held that at least for purposes of determining a statute constitutionally valid which conferred jurisdiction upon the Family Court to adjudicate certain delinquency charges against a minor, that matter should be viewed as involving the exercise of criminal jurisdiction.

The Rules of the Family Court, with the express purpose of treating juvenile delinquency proceedings within the concepts of the statute, have provided procedures for such proceedings along the lines of criminal proceedings as distinguished from civil proceedings.   See Family Court Rules 20, 40, 210, 240 and 320.

■ Juvenile delinquency proceedings bear little similarity to traditional civil proceedings.   They do not involve a claim for money damages, for property or involve a dispute between private persons over their respective rights.   On the other hand, one of the permissible consequences of a finding that a juvenile is delinquent is that he may be deprived of his freedom by having his custody awarded to the Department of Correction.   60 Del.Laws Ch. 251; 10 Del. C. § 937;  Cf. *Bartley v. Holden,* Del.Super., 338 A.2d 137 (1975).

■ I conclude that for purposes of processing a juvenile delinquency charge in this Court upon an appeal from Family Court where trial de novo is required, in the absence of a Rule of this Court specifying the manner of processing, the case is properly processed in accordance with procedures set forth in the Criminal Rules of this Court[2] to the extent that their application is consistent with the applicable statutory proceedings.   This is consistent with Family Court procedure and serves to alert the parties to the several basic constitutional rights normally related to criminal proceedings which are accorded juveniles in delinquency proceedings.

■ Because of the singular nature of proceedings involving juveniles, the appeal to this Court where trial de novo is necessary should be conducted in a manner which observes all of the rights, requirements, limitations and protections prescribed by statute for proceedings involving juveniles in the Family Court.   Correspondingly, the ultimate disposition, if the juvenile is found to be delinquent, should be that authorized by statute for a juvenile.

■ Defendant contends the information filed in connection with the "uncontrolled" charge does not show commission of a crime.   The Court is not called upon to determine the sufficiency of the charge at this stage.   Assuming that the charge is sufficient, if proved, to establish that the juvenile is delinquent, thereby becoming subject to the consequences provided in 10 Del.C. § 937(b), I conclude that the procedure approved herein is applicable.

■ The informations do not conform to the charges against the juvenile in Family Court in that they charge not merely delinquency, but instead charge a misdemeanor, although the specifications of wrongdoing by the juvenile are the same.

The motion to dismiss the informations will be granted unless the Attorney General shall, within ten days from the date of this Opinion, move for leave to amend to substitute a pleading in appropriate form properly embodying in substance the charges involved in the Family Court proceeding and in compliance with Chapter 9, Title 10, Delaware Code.

It is so ordered.

1. The United States Supreme Court has declined to apply the right to trial by jury to juvenile delinquency cases.   *McKeiver v. Pennsylvania,* supra.

2. Criminal Rule 37A of this Court provides in the case of an appeal for a trial de novo that the Attorney General shall file an information.   The Rule does not specify the form or content of the information.

10 Del.C. § 931 provides that juvenile delinquency proceedings "shall be in the interest of rather than against the child."