**G. D., Child in Interest—below, Appellant,**

v.

**STATE of Delaware, Appellee.**

*Supreme Court of Delaware.*

Submitted April 14, 1978.

Decided June 2, 1978.

William D. Fletcher, Jr., of Schmittinger & Rodriguez, P.A., Dover, for appellant.

James E. Liguori, Deputy Atty. Gen., Dover, for appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, JJ.

DUFFY, Justice.

This appeal follows from an affirmance by the Superior Court of a Family Court adjudication of delinquency against G.D., a minor.

I.

The facts are these:

G.D. was adjudicated a delinquent in the Family Court on the basis of his conduct which would be a violation of 11 *Del.C* § 841 (theft) had it been committed by an adult. Specifically, the Court found that G.D. had obtained the property of another person, without that person's permission and with the intent to deprive him of the property. Thereafter, a dispositional hearing was conducted and the Court ordered that the juvenile pay Court costs and a $500 fine, and be committed to the jurisdiction of the Department of Corrections, Bureau of Juvenile Corrections, for an indefinite time period, with placement at the Ferris School for Boys.

G.D. filed a timely appeal in the Superior Court, which affirmed the Family Court order. This appeal followed.

In this Court, G.D. argues that the Superior Court erred in considering the case on the record, in holding that he committed a delinquent act, and in basing its disposition on erroneous considerations, standards and procedures. We affirm.

## II.

The most significant issue presented by the case concerns the nature of an appeal from Family Court to Superior Court in a juvenile delinquency proceeding, specifically, whether such an appeal is to be heard on the record or *de novo.* There is a statutory right of appeal, 10 *Del.C.* § 960, but neither the formality of the appeal nor the governing procedure is included in that law. Therefore, we begin our inquiry by examining the nature of the Family Court proceeding in a delinquency case and the policy and purpose behind the Family Court Act.

We note first that the Family Court is a court of record. 10 *Del.C.* § 903. The proceedings are officially recorded and transcripts may be made therefrom. Fam. Ct.Rule 230. Thus, a complete record of the proceeding is preserved, and, in this sense, there is no "need" for a hearing *de novo.* Cf., *Poe v. Poe,* Del.Super., 333 A.2d 403 (1975).

More importantly, a Family Court adjudication of delinquency is a civil proceeding. As we recently stated in *State v. J.K.,* Del.Supr., 383 A.2d 283 (1977):

"The proceedings against a child [charged in Family Court with a violation of State law] are not criminal in concept or in practice. Indeed, the child is not even charged with a 'crime', no matter what the conduct. See 10 *Del.C.* § 931. In the Family Court the charge is a general one of 'delinquency.' § 921(1), (2) a . . . State policy in a proceeding against a child in the Family Court is to make it entirely a part of the Court's 'civil jurisdiction,' § 921 . . . ."

This is a distinct contrast to the nature of a proceeding against a person charged in Superior Court with a violation of State law: that is a *criminal* proceeding. See Super. Ct.Crim.Rule 2. A *de novo* hearing in Superior Court as to a juvenile charged with a violation of State law would necessarily require application of the Superior Court Criminal Rules and procedures, and would thereby convert a Family Court civil proceeding into a criminal adjudication. In our view, such a result would be repugnant to the explicit State policy announced in §§ 921 and 931.

Furthermore, a consequence of a *de novo* hearing in Superior Court in a juvenile delinquency case would result in loss of the special treatment afforded a juvenile in Family Court. For example, in Superior Court the minor would be subjected to a public trial, and if convicted, would be adjudged guilty of a crime, whereas in Family Court he is afforded judicial treatment in his own best interest, 10 *Del.C.* § 902(a); he is assured informality and privacy, § 972; and he is not designated a criminal. See *State v. J.K., supra.* In short, a *de novo* hearing in Superior Court would result in treating the juvenile in the same manner as an adult charged with a criminal violation. But proceeding against a minor as an adult is contemplated by statutory law in two situations only: when a minor is charged with first degree murder, rape, kidnapping or certain motor vehicle offenses, and when a minor is adjudged non-amenable, § 938. This Court recently upheld these classifications; see *State v. J.K., supra.* We refuse to enlarge them to include an amenable juvenile found delinquent in Family Court who elects to appeal to Superior Court. We say that because to do so would undermine a valid Legislative scheme.

In sum, to preserve the intent of the relevant statutes as well as to maintain the uniformity of juvenile proceedings as informal, private and protective, we conclude that, when a complete record of the Family Court proceeding is available, an appeal to the Superior Court from an adjudication of delinquency shall be heard on the record. Compare *State v. Juvenile,* Del.Super., 347 A.2d 670 (1975). Earlier decisions inconsistent with this ruling were made when a transcript of a Family Court hearing was not available. Cf. *duPont v. Family Court for New Castle County,* Del.Supr., 153 A.2d 189 (1959).

This result is consistent with the fair and sensible principle that the public should provide litigants with only one trial on its merits and, more specifically, it makes the

**766**

Family Court appellate procedure in this kind of case consistent with that which governs direct appeals from that Court to this Court: support cases are heard by us on the record, 13 *Del.C.* § 515, and so are divorces 13 *Del.C.* § 1522.

## III.

 G.D. also argues that the Superior Court committed reversible error in refusing to hold that there was insufficient evidence to find him delinquent. We disagree. The fact that a co-defendant was not called to testify and that there was no corroboration of the testimony of one witness does not detract from the probative value of the testimony that was elicited from the other witnesses. Evaluation of the testimony was the responsibility of the Trial Judge and, since there is evidence to support his finding, we will not disturb it.

## IV.

Finally, G.D. also alleges various dispositional improprieties, none of which is a basis for reversal. Thus, despite defendant's argument to the contrary, the Family Court's consideration, in part, of the public interest does not mean that the Court's disposition here was based upon considerations against the juvenile's best interests in violation of § 931. Cf. Fam.Ct.Rule 60. Nor was the Court's disposition based upon conduct other than theft. The juvenile's contention that the Court's dispositional alternatives were limited by its failure to order a presentence investigation is also without merit since such investigation is not mandatory, and none was requested.

Affirmed.*

---

* In view of the long period of time which has passed since commitment was ordered by the Family Court, that Court is directed to hold a further hearing to determine whether commitment is still appropriate under present circumstances.